IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JOE A. KANNIKAL, | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. 3:12-220 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| ERIC HIMPTON HOLDER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiff Joe Kannikal filed this suit under Title VII of the Civil Rights Act of 1964, alleging discrimination on the basis of race, national origin, and reprisal. Before the Court is a motion to dismiss the amended complaint (ECF No. 26), wherein Defendant, among other things, challenges the Court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). For the reasons that follow, the Court will grant Defendant's motion.

### II. BACKGROUND

#### A. Statement of Facts

This case arises from the Bureau of Prisons' ("BOP") alleged discrimination against Kannikal while he worked as a physician's assistant at the Federal Correctional Institution in Loretto, Pennsylvania ("FCI Loretto"). Kannikal began working as a physician's assistant at FCI Loretto in May 1988. (Am. Compl. ¶ 9). After working at FCI Loretto for six months, Kannikal was granted a hardship transfer to the Metropolitan Correctional Center in Miami, Florida, due to his wife's illness. (*Id*. ¶ 15). In August

1992, Kannikal reapplied for a physician's assistant position at FCI Loretto but was not offered a position. (*Id*. ¶¶ 21–25). Kannikal was later told by an employee from FCI Loretto that he did not receive the position because he was "Indian." (*Id*. ¶ 26–27).

On August 27, 1993, Kannikal filed a complaint with the EEOC, alleging race, age, and national origin discrimination. (*Id*. ¶ 33). On May 11, 1995, the EEOC found that the BOP had discriminated against Kannikal based on his race and national origin. (*Id*. ¶ 35). In October 1997, the EEOC's Office of Federal Operations ordered the BOP, among other things, to reinstate Kannikal to his physician's assistant position at FCI Loretto and to stop harassing Kannikal. (*Id*. ¶¶ 38–40).

In January 1998, the BOP reinstated Kannikal to his position at FCI Loretto. (*Id*. ¶ 41). According to Kannikal, however, FCI Loretto officials continued to discriminate against him and other Indian doctors. (*Id*. ¶ 43). Kannikal further claims that FCI Loretto officials did not grant him the same medical privileges that other medical professionals received. (*Id*. ¶¶ 44–47).

On June 2, 1999, Kannikal was notified that the BOP would terminate his employment if he did not sign a Last Chance Settlement Agreement ("LCSA"). (*Id*. ¶ 69; ECF No. 49-1). The LCSA stated that the BOP would hold Kannikal's termination in abeyance for 60 days and that it would possibly restore his medical privileges. In return, under the LCSA, Kannikal would agree to waive any rights to appeal his discrimination claims. (ECF No. 49 at 5). Kannikal signed the LCSA, and the BOP later terminated Kannikal's employment after this 60-day period—on or about September 3, 1999. (Am.

Compl. ¶ 70). On April 20, 2001, Kannikal filed a formal complaint with the EEOC. (ECF No. 49-1). To date, Kannikal has not received a final decision from the EEOC with regard to his claims. (ECF No. 49 at 8).

### B. Procedural History

On March 28, 2012, Kannikal filed suit in the United States District Court for the District of Columbia against Eric Himpton Holder, the United States Department of Justice ("DOJ"), and the BOP. (ECF No. 1). Holder, the DOJ, and the BOP subsequently moved to dismiss or, in the alternative, to transfer the case. (ECF No. 3). Kannikal filed an amended complaint on June 25, 2012, naming Holder as the sole Defendant. In his amended complaint, Kannikal alleges discrimination on the basis of race (Count I), national origin (Count II), and reprisal (Count III), in violation of Title VII of the Civil Rights Act of 1964.

On July 9, 2012, Defendant moved to dismiss the amended complaint, or in the alternative, to transfer the case to the Western District of Pennsylvania. (ECF No. 9). Judge Gladys Kessler of the United States District Court for the District of Columbia granted the motion to transfer, and the case is now before this Court. (ECF No. 16). On January 30, 2013, Defendant filed the instant motion to dismiss the amended complaint. (ECF No. 26). The motion is now ripe for disposition.

## III. STANDARD OF REVIEW

A motion to dismiss filed under Fed. R. Civ. P. 12(b)(1) is a challenge to the court's subject matter jurisdiction. At issue in a Rule 12(b)(1) motion is the district court's "very power to hear the case." *Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). The plaintiff bears the burden of showing that her claims are properly before the court. *Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995).

While reviewing a Rule 12(b)(1) motion that asserts a "factual" challenge to subject matter jurisdiction, a district court does not attach a presumption of truthfulness to the plaintiff's allegations. *Mortensen*, 549 F.2d at 891–92; *see also Moyer Packing Co. v. United States*, 567 F. Supp. 2d 737, 748 (E.D. Pa. 2008) ("A factual challenge contests the existence of subject matter jurisdiction, apart from any pleadings."). As well, the existence of disputed material facts does not preclude the court from deciding for itself whether jurisdiction over the plaintiff's claims can be properly exercised. *Id*. Therefore, the court may consider affidavits and other documents submitted by the parties when deciding the motion. *See Land v. Dollar*, 330 U.S. 731, 735 (1947).

## IV. DISCUSSION

Defendant provides three theories in support of the motion to dismiss, including a factual challenge to subject matter jurisdiction. Defendant further argues that Kannikal waived his right to sue in federal district court when he signed the LCSA and that

4

Kannikal failed to exhaust his administrative remedies. Because the Court agrees with Defendant that it lacks subject matter jurisdiction, however, it need not address these other claims. The reasons for dismissing this case with prejudice are provided below.

### A. The six-year statute of limitations under Title VII

The Civil Rights Act of 1964 "proscribes federal employment discrimination and establishes an administrative and judicial enforcement system." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829 (1976). Specifically, Section 717(a) of the Act, codified as amended at 42 U.S.C. § 2000e-16(a), states that all personnel actions affecting federal employees and federal employment applicants "shall be made free from any discrimination based on race, color, religion, sex, or national origin."

Under 42 U.S.C. § 2000e-16(c), an aggrieved employee can file suit in federal district court to review a claim of discrimination. But attached to this right of judicial review are certain time requirements. For purposes of this discussion, an employee may file suit "after 180 days have elapsed since the employee filed his appeal of the agency's final decision to the EEOC and the EEOC has not rendered a final decision." *Elsberry v. Rice*, 820 F. Supp. 824, 828 (D. Del. 1993) (citing 42 U.S.C. § 2000e-16(c)).

In filing suit under Title VII, federal employees must also comply with the statute of limitations provided in 28 U.S.C. § 2401(a): "[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a); *Howard v. Blank*, 891 F. Supp. 2d 95, 100 (D.D.C. 2012) (finding that 28 U.S.C. § 2401(a) applies to Title VII cases).

Defendant argues that, because Kannikal filed his complaint with the EEOC on April 20, 2001, he could have filed suit 180 days later—as early as October 17, 2001. (ECF No. 27 at 12). In other words, Defendant asserts that October 17, 2001 was the "accrual date" for Kannikal's discrimination claims, thus making the six-year statute of limitations deadline October 17, 2007. (*Id.*). In responding to the instant motion to dismiss, Kannikal does not discuss an appropriate accrual date for purposes of the statute of limitations. Rather, Kannikal contends that any accrual date should be subject to equitable tolling. (*See generally* ECF No. 49; ECF No. 6).

"[A]ccrual is '[t]he event whereby a cause of action becomes complete so that the aggrieved party can begin and maintain his cause of action.'" *William A. Graham Co. v. Haughey*, 646 F.3d 138, 146 (3d Cir. 2011) (quoting *Ballentine's Law Dictionary* (3d ed. 1969)). "In construing similarly worded waivers of sovereign immunity[,] courts have generally defined a right of action as 'accruing' upon the occurrence of the final event necessary to complete the elements of the claim." *United States v. Sams*, 521 F.2d 421, 429 (3d Cir. 1975). The fundamental question is "whether all of its elements have come into existence such that an omniscient plaintiff could prove them in court." *Haughey*, 646 F.3d at 146.

Kannikal filed a formal complaint with the EEOC on April 20, 2001, and has yet to receive final action on his complaint.[1] (ECF No. 49-1 at 3). The final event necessary for

---

[1] Final action occurs "when an administrative judge has issued a decision," "when an agency dismissed an entire complaint," when an agency "receives a request for an immediate final decision" or when an agency "does not receive a reply to the notice issued." 29 C.F.R. § 1614.110(a)-(b). Although Kannikal underwent an extensive administrative process that temporarily resulted in final agency action, the EEOC eventually reversed or withdrew its

6

Kannikal to file suit against Defendant was the EEOC's failure to institute final agency action 180 days after Kannikal filed his complaint with the EEOC. Thus, Kannikal could have filed suit in federal district court as early as October 2001.[2] Because Kannikal did not file suit until March 28, 2012—more than *ten years* after the accrual date—his claims are time barred, unless equitable tolling applies.

## B. Kannikal's claims are not subject to equitable tolling

Equitable tolling may be used in certain cases to extend the statute of limitations period. "Statutes of limitations generally fall into two broad categories: affirmative defenses that can be waived and 'jurisdictional' statutes that are not subject to waiver or equitable tolling." *Howard v. Blank*, 891 F. Supp. 2d 95, 98 (D.D.C. 2012) (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–34 (2008). When a statute of limitations is jurisdictional, "non-compliance bars an action regardless of the equities." *Oshiver v. Levin et al.*, 38 F.3d 1380, 1387 (3d Cir. 1994) (quoting *Hart v. J.T. Baker Chemical Co.*, 598 F.2d 829, 832 (3d Cir. 1979)).

Defendant relies on *United States v. Sams*, 521 F.2d 421 (3d Cir. 1975), in arguing that § 2401(a) is a jurisdictional statute. (ECF No. 27 at 10-11; ECF No. 52 at 2-4). In *Sams*, the Third Circuit found that "[t]he protection afforded by [S]ection 2401(a) 'may not be

---

final agency action. (ECF No. 49 at 6–8). Thus, Kannikal never received "final action on his complaint." 42 U.S.C. § 2000e-16(c).

[2] Notably, in a 2003 decision reversing the Complaint Adjudication Office's dismissal of Kannikal's April 20, 2001 complaint, the Office of Federal Operations also informed Kannikal of his right to file suit 180 days after the filing of his complaint. *Kannikal v. Ashcroft*, Appeal No. 01A24572, 2003 WL 882265, at *2, *4 (EEOC Feb. 27, 2003).

7

waived by the United States, and where it appears to the court that the time for bringing the action has run, the action must be dismissed.'" 521 F.2d at 428 (quoting *Christian Beacon v. United States*, 322 F.2d 512, 514 (3d Cir. 1963)). In finding that § 2401(a) is jurisdictional, the Third Circuit quoted a similar Fifth Circuit holding: "Failure to bring an action within the time specified [in 28 U.S.C. § 2401(a)] . . . does not merely provide the government with a waivable defense to the action, but deprives the district court of jurisdiction to hear the action at all." 521 F.2d at 428 n.39 (quoting *United States v. One 1961 Red Chevrolet Impala Sedan*, 457 F.2d 1353, 1357 (5th Cir. 1972)).[3]

In arguing that equitable tolling applies, Kannikal cites several inapposite cases. For instance, Kannikal cites *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), and *Santos ex rel. Beato v. United States*, 559 F.3d 189 (3d Cir. 2009), in support of his view. He also cites dicta from Justice Ruth Bader Ginsburg's dissenting opinion in *John R. Sand & Gravel Company v. United States*, 552 U.S. 130, 145–46 (2008).[4] Kannikal's argument is unavailing. These cases only provide that there is a rebuttable presumption of equitable tolling applied to many federal statutes and that equitable tolling applies under 28 U.S.C. § 2401(b), a provision that is exclusive to tort claims against the United States.[5]

---

[3] Among the issues before the Fifth Circuit in *United States v. One 1961 Red Chevrolet Impala Sedan* was whether the petitioner's claims were time-barred under the Tucker Act. The Fifth Circuit found that the applicable statute of limitations period was provided in 28 U.S.C. § 2401(a), which is a jurisdictional statute. 457 F.2d 1353, 1357 (5th Cir. 1972).

[4] The majority found that 28 U.S.C. § 2501(a) is jurisdictional. The language in § 2501(a) is nearly identical to the language in § 2401(a). *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 145 (Ginsburg, J., dissenting).

In this case, Kannikal's claims fall squarely under § 2401(a). The Third Circuit has answered the question of whether § 2401(a) is subject to equitable tolling: the six-year period in § 2401(a) "may not be waived by the United States." *United States v. Sams*, 521 F.2d 421, 428 (3d Cir. 1975); *see also Ricciardi Family LCC v. U.S. Postal Serv.*, CIV.A. 10-3133 PGS, 2011 WL 3022521, at *2–3 (D.N.J. July 22, 2011) ("[Section 2401(a)] is 'more than an ordinary statute of limitations; it is a condition on the waiver of sovereign immunity, and we are obliged to construe such waivers strictly.'") (quoting *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 60 (D.C. Cir. 1987)).[6]

## V. CONCLUSION

For the reasons stated in this memorandum, the Court will grant Defendant's motion to dismiss for lack of subject matter jurisdiction. Counts I, II, and III of Kannikal's amended complaint will be dismissed with prejudice, as permitting leave to amend would not cure the deficiencies.

An appropriate order follows.

---

[5] Equitable tolling applies, for instance, to the Federal Tort Claims Act. *Santos ex rel. Beato v. United States*, 559 F.3d 189, 194 (3d Cir. 2009) (applying the two-year limitations period found in 28 U.S.C. § 2401(b)).

[6] The Courts of Appeals have divided on the question of whether § 2401(a) is jurisdictional. *Compare Harris v. F.A.A.*, 353 F.3d 1006, 1008 (D.C. Cir. 2004) (jurisdictional) *and Ctr. For Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006) (same), *with Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 770 (9th Cir. 1997) ("[L]imitations periods for suing the federal government are not strictly jurisdictional"). Nevertheless, the law in this Circuit is in accordance with those Courts of Appeals finding that § 2401(a) is a jurisdictional statute.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOE A. KANNIKAL, | ) | |
| | ) | CIVIL ACTION NO. 3:12-220 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| ERIC HIMPTON HOLDER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

NOW, this 10th day of March 2014, upon consideration of Defendant's motion to dismiss, or in the alternative, for summary judgment, and for the reasons stated in the accompanying memorandum, it is **HEREBY ORDERED** that Defendant's motion (ECF No. 26) is **GRANTED**.

It is **FURTHER ORDERED** that Plaintiff's amended complaint (ECF No. 6), in its entirety, is **DISMISSED** with prejudice. The Clerk of Court shall mark this case closed.

BY THE COURT:

/s/ Kim R. Gibson

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE